# IN THE UNITED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Michael Muir | |
| And Bradley Stock | ) |
| individually | ) |
| and on behalf of all persons | ) |
| similarly situated | ) CASE NO 16 CV 9755 |
| as | ) The Honorable Judge |
| members of the Collective as permitted | ) |
| under the Fair Labor Standards Act; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Guardian Heating and Cooling Services, Inc. | ) |
| And | ) |
| Robert (Bob) Lange  and Andrea Lange | ) |
| as employers under the FLSA, | ) |
| IMWL and IWPCA | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) **ON ALL COUNTS** |
| | ) |
| Defendants. | ) |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiffs, Michael Muir and Brad Stock, individually and on behalf of all others similarly situated, as Collective representatives, by and through their undersigned counsel of record, upon personal knowledge as to those allegations in which they so possess and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ) and brings this cause of action against Defendant Guardian

1

Heating and Cooling Services, Inc., (hereinafter "Guardian" and/or "Defendant"), and Bob Lange and Andrea Lange individually under the FLSA and IWPCA and in so doing states the following:

## NATURE OF THE ACTION

1. Plaintiff, Michael Muir alleges individually and on behalf of himself and other similarly situated current, former and future employees of the Defendants, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiff and those employees that are similarly situated to the Individual Plaintiff) that he, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive time and half for all hours worked over forty (40) hours per week and more specifically Plaintiff alleges that Defendants failed to pay over time for the following circumstances 1) Defendants fail to pay for work-time during which Plaintiffs and Collective works through lunch 3) Defendants fail to pay Plaintiffs and Collective for time at the end of the work day, rather Defendants "punches out" Plaintiffs and Collective upon the last job of the day and/or upon starting of the service vehicle at the end of the day, but before the Plaintiff and Collective have completed work and/or Plaintiffs and Collective travel from the work site. 3) Defendants fail to compensate Plaintiffs and Collective for time spent on the phone conducting phone consultations on off-hours, 4) lastly Defendants fail to pay Plaintiff Muir for time spent commuting to job sites.

2. Plaintiff, Bradley Stock allege individually and on behalf of himself and other similarly situated current, former and future employees of the Defendants,

(Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiff and those employees that are similarly situated to the Individual Plaintiff) that he, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive time and half for all hours worked over forty (40) hours per week and more specifically Plaintiff alleges that Defendants fail to pay over time wages for overtime work for the following circumstances 1) Defendants fail to pay for time during which Plaintiffs and Collective works through lunch 3) Defendants fail to pay Plaintiffs and Collective for time at the end of the work day, rather Defendants "punch out" Plaintiffs and Collective upon the last job of the day, but before the Plaintiffs and Collective have completed work and/or Plaintiffs and Collective travel from the work site. 3) fails to compensate Plaintiff and Collective for time spent on the phone conducting phone consultations on off-hours, 4) lastly, Defendants fail to pay Plaintiff Stock for time spent commuting to job sites.

3.  Each of the above described failures to compensate (in Paragraphs 1 and 2) frequently results in failure to pay overtime for the Plaintiffs and Collective because Plaintiffs and Collective often (3 out of 4 weeks) worked overtime and are paid at an overtime rate of pay for some of that work time, but Plaintiffs and Collective were not paid overtime for the time described in paragraph one  ad two above, thus the unpaid time for the Plaintiffs and Collective is mostly unpaid overtime work time.

4.   Plaintiff Muir also brings a separate claim for failure to pay commissions, brought under the IWPCA, Defendant failed to pay all owed commissions to Plaintiff Muir.

**FACTS RELATED TO**

**PLAINTIFF MUIR'S FLSA RETALIATION CLAIM**

5.   Lastly Plaintiff Muir brings a claim of FLSA retaliation for an employment termination based on Plaintiff's Muir's request for proper payment of overtime wages.

6.   On October 1, 2016 Plaintiff Muir sent to his employer, owner and individual Defendant Bob Lange a request for payment of overtime wages.

7.   The very next work day, on October 3, 2016, Plaintiff Muir was fired for asking for his overtime wages.

8.   Plaintiff Muir had worked for Defendant without any discipline or complaints for nearly two years, thus the termination was without any cause, other than retaliation for asking for his overtime wages.

9.   On the October 3, the day after the Plaintiff's wage complaint, he walked into Bob Lange's office at 8 AM Monday morning

10.  Plaintiff held in his hand the last four weeks of paystubs and hour sheets.

11.  Plaintiff told Bob Lange that he don't like his money getting taken every week, he showed him the time tickets what Plaintiff should have been paid and what Plaintiff was actually paid and Plaintiff said that's over $1,100.00 over the past 4 weeks.

12. Defendant Bob Lange cut Plaintiff off and told him that he was trying to "nickel and dime him and that he bends over backwards for me and pays me enough money already and says I've been complaining for two years about the half hour lunch situation being deducted and that I should just take the half hour because that's the law because he's going to deduct from me either way". (ie deduct if Plaintiff takes time off or works through lunch).

13. Plaintiff then tried to discuss failure to pay overtime relate to the "travel time" and Plaintiff said "while I am in his work truck and driving to and from his customers I should get paid and I said if you are not gonna pay me to travel to my first stop or pay me on my way home from my last stop I do not want to take his truck home any longer because it does not benefit me"

14. Bob Lange in response said it's to my benefit because I don't have to pay for wear in tear on my vehicle or I don't have to pay insurance on my vehicle, or I don't have to pay gas to drive to and from work.

15. Plaintiff responded to Defendant Lange that he lives only 20 minutes away from the work shop and his vehicle already has insurance and it only cost him about 2 to 3 dollars to get to and from work each day so there is no real benefits of me taking the truck home when I'm getting deducted approximately 3 to 5 hours a week at $46.50 an hour.

16. Bob Lange next stated "Frank takes a truck home and Frank don't get paid and John doesn't get paid to drive home to house in Elk Grove"

17. Plaintiff responded and said "Bob, that is their a choice that they live so far away that has nothing to do with me"

18. Bob Lange then he said "that its the way it is and I think it's time to let you go..."

19. Plaintiff responded that "because I want to get paid for Lunches I do not take and I want to get paid while I am in your control and driving your work truck I am the one who is Nickel and Diming you and your gonna let me go ...[fire me]"

20. Bob Lange said yes... [that he was being fired for asking for his wages and/or overtime].

21. Plaintiff brings claims for overtime wage claims for off the clock work specifically that Plaintiff and Collective actively worked as described in paragraphs 1-2, and Defendant had knowledge of that work, via Plaintiff's complaint on October 1, 2016 and via written notice found on Plaintiffs and Collective time sheets on many other occasions, and in oral complaints on a number of prior occasions, thus Defendants failed to pay overtime wages with full knowledge and consent of the employer.

22. As a further demonstration of the willfulness and knowledge of the Defendants, the business of Guardian was purchased by individual Defendant Bob Lange approximately six years ago.

23. Under the prior ownership, the employees were paid for the time worked, including the time for lunches.

24. Defendants agents, upon assuming the business, and in the transition from one owner to the next was informed that sometimes employees in the field cannot take lunch, thus the time had to be paid.

25.  Defendants and their agents disregarded this information and decided affirmatively to ignore that information and refuse to pay for lunches and other work time, despite the fact that the employees worked and were not paid.

26.  This action is brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation.

27.  Plaintiffs' federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA.

28.  Plaintiffs, in their Collective claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

29.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C 1332 and 1367.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

30.  This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiffs seek application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA").

31. The Court is authorized to issue a declaratory judgment.

32. Venue is proper in this Court.

33. Defendant does business and is a resident of this District and Division of Federal Court.

## FACTS REGARDING THE PLAINTIFF

34. Plaintiff, Michael Muir is a resident of the State of Illinois.

35. Plaintiff Muir was an hourly (non-exempt) employee of Defendants.

36. Plaintiff was paid some of his overtime wages but not all of his overtime wages.

37. Plaintiff, Bradley Stock is a resident of the State of Illinois.

38. Plaintiff Stock was an hourly (non-exempt) employee of Defendants.

39. Plaintiff Stock was paid some of his overtime wages but not all of his overtime wages.

## DEFENDANTS FACTS AND GUARDIAN CORPORATE FACTS

40. Defendant, Guardian Heating and Cooling Services, Inc., ("Guardian") is a corporation or business which does business in Illinois.

41. Guardian is a provider/installer/servicer of heating equipment and air conditioners in the Chicago area.

42. Defendant Guardian employs approximately 10-15 full time and part time hourly employees including 5-7 service employees and 4-8 installers and helpers.

43. All these 10-15 employees (service employees, installers and helpers) are similarly situated to the Plaintiff Muir as they all worked through lunch without pay, were not paid for call times on off-hours, not paid for all travel time, thus the

8

employees different titles and job duties do not make them dissimilar as the similar situated allegations are based on failure to pay wages in the same manner as alleged in paragraphs 1 and 2.

44. Bob Lange and Andrea Lange are named as individual Defendants as they caused the failures to pay for the owed overtime wages of the Plaintiffs and Collective.

45. Bob Lange and Andrea Lange decided to not pay employees, including Plaintiff and Collective, for work, despite knowledge that the employees did not take lunch and or performed other work for which they were not paid.

46. Bob Lange is also named individually as it was his decision to terminated Plaintiff Muir for his request for owed overtime wages.

## SPECIFIC WEEK BY WEEK ALLEGATIONS

47. Plaintiffs' include specific week by week allegations, as some District Judge's have required specific allegations, the following specific allegations are NOT all the hours owed, rather is an example of overtime wages owned.

48. Plaintiff Stock alleges that in the first week of June 2016, he worked over 40 hours and was not paid for 1) lunches 2) travel time, thus Plaintiff Stock worked at least 30-60 minutes which was not paid. Plaintiff is confident that he worked overtime in June of 2016 as business was very busy and he was working six days each week.

49. Plaintiff Stock alleges that in the second week of June 2016, he worked over 40 hours and was not paid for 1) lunches 2) travel time, thus Plaintiff Stock worked at least 30-60 minutes which was not paid. Plaintiff is confident that he worked

overtime in June of 2016 as business was very busy and he was working six days each week

50.     Plaintiff Stock alleges that in the third week of June 2016, he worked over 40 hours and was not paid for 1) lunches 2) travel time, thus Plaintiff Stock worked at least 30-60 minutes which was not paid. Plaintiff is confident that he worked overtime in June of 2016 as business was very busy and he was working six days each week.

51.     Plaintiff Stock alleges that in the fourth week of June 2016, he worked over 40 hours and was not paid for 1) lunches 2) travel time, thus Plaintiff Stock worked at least 30-60 minutes which was not paid. Plaintiff is confident that he worked overtime in June of 2016 as business was very busy and he was working six days each week.

52.     Plaintiff Muir alleges that in the second week of September 2016, he worked over 40 hours and was not paid for 1) lunches 2) travel time, thus Plaintiff Muir worked at least 30-60 minutes and up to 4.25 hours of overtime work for which Plaintiff Muir was not paid.

53.     Plaintiff Muir alleges that in the third week of September 2016, he worked over 40 hours and was not paid for 1) lunches 2) travel time, thus Plaintiff Muir worked at least 30-60 minutes and up to 5.25 hours of overtime work for which Plaintiff Muir was not paid.

## COLLECTIVE ACTION ALLEGATIONS

### The FLSA Collective Action

54.  Plaintiffs bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all hourly employees of GUARDIAN who were, are, or will be employed by GUARDIAN during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

55.  FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiffs, since the FLSA claims of the Plaintiffs are similar to the FLSA claims of all hourly employees employed by GUARDIAN.

56.  Defendants are liable for improperly compensating Plaintiffs and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of GUARDIAN who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

11

## STATEMENT OF FACTS

**A.**     **GUARDIAN policies and procedures and Compensation Practices fail to pay all worked overtime hours of work**

57.     Plaintiffs were employed by GUARDIAN as employees of the Defendants who work beyond forty hours, but for which Defendants failed to pay overtime for some of those overtime hours of work as alleged in detail elsewhere in the complaint.

58.     The Defendants' unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

59.     Defendants' were knowledgeable of that they were not paying all overtime hours worked.

60.     At all relevant times, Defendant operated a heating and air conditioning business engaged in interstate commerce and which utilized goods which moved in interstate commerce.

61.     Defendant advertises that it installs Reem brand of heaters, a product which moves in commerce, which is manufactured in another state, Arkansas, thus Defendants' sell products moving in interstate commerce.

62.     During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum, despite whatever allegations to the contrary the official "books" of Defendant might tend to support.

63. Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

64. Defendant Guardian sales were in excess of $500,000 per year.

65. Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

66. At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

67. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the 29 U.S.C. §201, erseq.

68. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Illinois Minimum Wage Act, A.C.A. § 11-4-201, *et seq.*

69. No exemptions or exceptions to the application of the FLSA or IWML apply to Plaintiffs.

## GUARDIAN Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

70. GUARDIAN required and permitted Plaintiffs, the Collective, and the FLSA Collective, to work more than 40 hours in a week. GUARDIAN did not pay Plaintiff, the Collective, and the FLSA Collective the Plaintiffs and Collective for all work time and all overtime hours worked.

71. GUARDIAN unlawful conduct has been uniform, widespread, repeated and consistent.

13

72. GUARDIAN's willful violations are especially demonstrated by their knowledge that its employees were not paid for all overtime work.

73. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

74. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

## FIRST CLAIM FOR RELIEF
### Collective Action Against Defendant
### Under the Illinois Minimum Wage Law "IMWL"

75. Plaintiffs  reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

76. Plaintiffs are or were employee of the Defendant pursuant to the IMWL.

77. Plaintiffs were employed by GUARDIAN as hourly employees.

78. It is and was at all relevant times, a policy of GUARDIAN to not pay for all overtime hours worked, as alleged in detail elsewhere in this complaint.

79. It is a policy, procedure and job requirement of Defendant GUARDIAN to not pay for all overtime hours worked, as alleged in detail elsewhere in this complaint.

80. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's service and installation employees.

81. As a result of the foregoing, Plaintiffs and members of the Collective have been damaged in an amount to be determined at trial.

82. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

### SECOND CLAIM

**Individual Action Against Defendant
Under Illinois Wage Payment and Collection Act "IWPCA"**

**By Plaintiff Muir for owed Commissions**

83. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

84. Plaintiffs were employed by GUARDIAN.

85. This cause of action arises out of employment contracts or agreements; written and/or oral.

86. Plaintiff Muir was not an independent contractor, rather was an employee of the Defendant by oral agreement.

87. Plaintiff Muir's employment were in the usual course of business for which such service is performed.

88. Plaintiff Muir does not possess a proprietary interest in the Defendant.

89. The Defendant is an "employer" under the terms of the IWPCA section 2.

90. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

91.     Plaintiff and Defendant entered into an IWPCA Agreement, that Plaintiff was to receive commissions from sales of products or services.

92.     Plaintiff was very successful in these sales, earning tens of thousands of dollars in commissions.

93.     Despite his success and Defendant's payment of some of his commissions, Defendant never provided a statement of commissions earned.

94.     Plaintiff frequently questioned if all his commissions were paid, and never received an accounting, statement or other explanation to show all commissions were paid.

95.     In Plaintiff's final paycheck, he had earned several commissions, which were not paid, despite Plaintiff having earned those commissions.

**THIRD CLAIM FOR RELIEF**
**On Behalf of Plaintiff and All Opt-In Employees**
**Against Defendant GUARDIAN**
**As a Collective Action**
**(FLSA Claims, 29 U.S.C. § 201 et seq.)**

96.     Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

97.     The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

98.     The Collective claims include all employees which Defendant has failed to pay overtime work hours as detailed elsewhere in the complaint.

99.     At all relevant times, Defendants GUARDIAN has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant

times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

100.  At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

101.  At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Collective, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

102.  At all relevant times, the work performed by retail employees including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

103.  As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Collective, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to

determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

104. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

105. Plaintiffs, on behalf of themselves and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

106. Plaintiffs, on behalf of themselves and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

107. Plaintiffs have consented to be a party to this action, pursuant to 29 U.S.C. § 216(b). (see redacted consents of Plaintiffs attached as Exhibits 1 and 2)

108. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

109. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

110. Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA

title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the IWML Collective, IWPCA Collective, and the FLSA Collective, pray for the following relief:

A.      That, at the earliest possible time, the Plaintiff be allowed to give notice of these Collective actions, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, been employed by the Defendant and failed to pay its employees all overtime hours of work.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B.           Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

C.      Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws;

D.      Compensation originating from GUARDIAN company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E.    An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F.    Certification of this case as a Collective action;

G.    Designation of the Plaintiffs as representatives of the Collective and counsel of record as Collective Counsel;

H.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

I.    Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

J.    Attorneys' fees in accordance with all applicable laws, Illinois Law and FLSA.

K.    Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

L.    Liquidated damages in accordance with the FLSA;

M.    Consequential damages;

N    Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

O.    A 2% penalty as per IWML.

P.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

Q.       and costs of this action; and

R.       Such other relief as this Court shall deem just and proper.

## RETALIATION FOR FLSA/OVERTIME WAGE CLAIMS
### ASSERTED BY
### PLAINTIFF MUIR

111.    Plaintiff Muir realleges and incorporate by reference all paragraphs contained in this complaint, as if fully set forth herein.

112. On October 1, 2016 Plaintiff Muir sent to his employer, owner and individual Defendant Bob Lange a request for payment of overtime wages.

113. The very next work day, on October 3, 2016, Plaintiff Muir was fired for asking for his overtime wages.

114. Plaintiff Muir had worked for Defendant without any discipline or complaints for nearly two years, thus the termination was without any cause, other than retaliation for asking for his overtime wages.

115. Plaintiff Muir was provided with no termination notice, nor any reason other than he was asking for his overtime wages.

116. In response to the request for wages, the Plaintiff was told Plaintiff was asking for "too much", and was fired for asking for his overtime wages.

117. The response of Defendant to the failure to pay for lunches which Plaintiff worked through was "I had a lawyer tell me years ago that I did not have to pay employees for lunch, so you are wrong".

118. Plaintiff clearly stated during this discussion that he worked through lunch, thus was owed wages, Defendant's response was to claim he did not have to pay for the work, because he deemed the work-time to be "lunch".

119. Plaintiff brings claims for overtime wage claims for off the clock work specifically that Plaintiff and Collective actively worked as described in paragraphs 1-2, and Defendant had knowledge of that work, via Plaintiff's complaint on October 1, 2016 and via written notice found on Plaintiffs and Collective time sheets on many other occasions, and in oral complaints on a number of prior occasions, thus Defendants failed to pay overtime wages with full knowledge and consent of the employer.

120. Defendant's retaliations were all based on Plaintiffs requests for payment of overtime wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, pray for the following relief:

A.     All owed wages;

B.     All wages and commissions that would have been earned, but for the retaliatory termination of Plaintiff's employment.

C.     Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

D.     Compensation originating from Defendants company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E.     Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

F.     Attorneys' fees and costs of this action; and

G.     Such other relief as this Court shall deem just and proper.

H.     Legal or equitable relief as may be appropriate to **e**ffectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and damages for mental and emotional stress.

I.     Civil remedies include all unpaid compensation, mandatory liquidated damages (equal to the amount of the unpaid compensation) equitable relief (such as reinstatement) and attorneys' fees. 29 U.S.C. § 216(b).

J.     Punitive damages as set forth at 29 U.S.C. § 216(b) and allows "such legal or equitable relief as may be appropriate to effectuate the purposes of [the Act] ...."

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 15, 2016

Respectfully submitted,

By:     -S-John C. Ireland
        John C. Ireland

        Attorney for the Plaintiffs and Collective

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
  630-464-9675
Facsimile 630-206-0889              attorneyireland@gmail.com